IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STONE CREEK CUSTOM KITCHENS     :
& DESIGN and JEFF BRAATEN,        :
                                   :     K16A-01-002 WLW
          Appellants,        :     Kent County
                                     :
    v.                                  :
                                     :
JOSEPH VINCENT and         :
DANIELLE VINCENT,          :
                                     :
          Appellees.         :

Submitted: November 17, 2016
Decided: December 2, 2016

**ORDER**

Appellees' Motion to Enforce a Settlement Agreement.
***Granted.***

Sean T. O'Kelly, Esquire and Daniel P. Murray, Esquire of O'Kelly Ernst & Bielli, LLC, Wilmington, Delaware; attorneys for Appellants.

Joseph Vincent and Danielle Vincent, *pro se*.

WITHAM, R.J.

Before the Court is Plaintiffs-Below/Appellees Joseph and Danielle Vincent's ("the Vincents") motion to enforce a settlement agreement, and Defendant-Below/Appellant Stone Creek Custom Kitchen & Design ("Stone Creek") and Jeff Braaten's[1] response in opposition.

After oral argument, the Court provided the parties time to attempt to resolve the matter before the Court issued this order. On December 1, counsel for Stone Creek sent a letter to this Court representing that the parties had not reached an agreement to resolve the motion. The Vincents responded by letter on December 2, reaffirming their desire to settle and disputing some of Stone Creek's assertions.

This case, which originated in Justice of the Peace Court and now centers on the payment of a $5,500 settlement agreement, has consumed a disproportionate amount of time both of the parties and of the Court. The parties entered into a valid settlement agreement embodied in counsel's offer letter of September 21, 2016 and the Vincents' later acceptance. The Vincents' motion to enforce that settlement is **GRANTED** and Stone Creek's earlier motion for reargument is **DENIED as MOOT**.

## FACTS AND PROCEDURAL HISTORY

This motion arises from an unusual procedural posture. It began as an action in the Justice of the Peace Court and became an appeal to the Court of Common Pleas. After the Court of Common Pleas granted the Vincents' motion to dismiss for want of prosecution, Stone Creek moved for reargument or, in the alternative, relief from the judgment. The Court of Common Pleas denied the motion. Stone Creek

---

[1] Jeff Braaten is not a party to this appeal.

then took an appeal to this Court. This Court affirmed the judgment of the Court of Common Pleas. Stone Creek then moved for reargument. Oral argument on that motion was eventually scheduled for September 23, 2016.

On September 21, 2016, counsel for Stone Creek emailed the Vincents, attaching a letter.[2] The letter recited the procedural history of the case, and opined that Stone Creek had a strong case and valid counterclaims that it could assert. It also contained the following offer:

> With the understanding that Stone Creek admits no liability as to the action brought by You, Stone Creek hereby offers Five Thousand, Five Hundred Dollars ($5,500.00) to completely resolve this matter. Stone Creek believes this offer is more than fair, because this offer also resolves all claims between the parties, including Stone Creek's valid counterclaims. Absent this complete resolution, Stone Creek could bring its counterclaims against you at a later date. Stone Creek's offer, however, would completely resolve all the claims between the parties. Please consider this offer and notify me no later than September 22, 2016 at 2:00 p.m. if it is satisfactory. If so, we will draft a settlement agreement, immediately notify the Court of the resolution, and ask that the hearing on September 23, 2016 be cancelled.[3]

The Vincents, at oral argument on this motion, stated that they accepted the settlement offer via email and telephone the next day. Counsel for Stone Creek told the Vincents that a formal agreement would be forthcoming.

On the eve of the date set for oral argument on the motion for reargument, counsel for Stone Creek wrote this Court requesting a continuance because the parties

---

[2] This letter was provided to the Court at oral argument and marked as Joint Exhibit A.

[3] *Id.*

had "reached an agreement in principle to resolve [the] matter" and "[c]ounsel [was] working diligently to finalize the agreement."[4] Relying on counsel's representations, the Court granted the request for a continuance.

Less than two weeks later, the Vincents filed the instant motion on October 4, attaching as exhibits emails between Danielle Vincent and counsel for Stone Creek. In the emails, counsel for Stone Creek indicated that an agreement was forthcoming and would be to the Vincents by September 26. When that date came and went, Ms. Vincent emailed counsel on September 28 and was told that something had "popped up" but that a draft would be sent soon.[5] Lacking faith that a draft agreement was forthcoming, the Vincents filed their motion, which seeks to have the settlement agreement enforced.

Hours after the Vincents filed their motion, counsel for Stone Creek emailed a draft settlement agreement which included a payment arrangement: five monthly payments of $1,000 followed by a final $500 payment.[6] The following day, the Vincents objected by email to the draft settlement agreement.[7] And on October 7, counsel for Stone Creek sent an email informing the Vincents that the proposed payment schedule and delay in response were customary, and that their existing agreement only confirmed the settlement *amount*.[8] According to the Vincents,

---

[4] Letter from Sean T. O'Kelly, Esq., to the Court (Sept. 20, 2016), Dkt. No. 25.

[5] Appellees' Req. to Enforce Settlement, Ex. 3.

[6] The draft settlement agreement was provided to the Court at oral argument and was marked as Joint Exhibit B. *See also* Appellants' Resp. to Req. to Enforce Settlement Agreement, Ex. A.

[7] Appellants' Resp. to Req. to Enforce Settlement Agreement, Ex. B.

[8] *Id.*, Ex. C.

counsel for Stone Creek stated that he would notify the Vincents of Stone Creek's response.

More than a month passed, and the Vincents did not receive that response. Stone Creek also failed to file a timely response with this Court.

A day before oral argument, Stone Creek did submit a late response to the Vincents' motion, attaching emails between counsel and the Vincents as exhibits. Stone Creek's response admitted that "the parties agreed to resolve their dispute, and agreed to a settlement amount."[9] The essential contention in Stone Creek's response was that the timing of payment was a material term, and its omission prevented the formation of a contract under Delaware's mirror image rule.

The parties appeared at oral argument. The Vincents presented their motion as well as copies of the original settlement offer and the draft agreement, without objection from Stone Creek. Counsel for Stone Creek represented that he believed a final settlement agreement would be reached within two weeks. The Court reserved decision for two weeks to give the parties time to negotiate a final agreement. The parties were to file the stipulation or agreement with the Court by Friday, December 2, 2016.

Counsel for Stone Creek sent a letter to the Court on December 1. The letter notified the Court that the parties had not agreed to a resolution of the motion and that, based on later negotiations, Stone Creek would be filing a separate motion to enforce a settlement agreement that it alleges was made both before and after the

---

[9] *Id.* ¶ 1.

hearing on the date of oral argument. The Vincents disputed some of the factual allegations made by Stone Creek and reaffirmed their desire to settle the matter.

This is the Court's ruling on the Vincents' motion.

## DISCUSSION

The parties have a valid settlement agreement, and the Court will grant the Vincents' motion to enforce it.

The party seeking to enforce a settlement agreement bears the burden of proving the agreement's existence by a preponderance of the evidence.[10] Such settlements may be enforced even in the absence of a signed writing:

> "Delaware law favors the voluntary settlement of contested suits," and such arrangements will bind the parties where they agree to all material terms and intend to be bound by that contract, "whether or not [the contract is] made in the presence of the court, and even in the absence of a writing."[11]

The party seeking enforcement must prove: "(1) the intent of the parties to be bound by it; (2) sufficiently definite terms; and (3) consideration."[12] Intent to be bound is based on the "objective manifestations of assent and the surrounding

---

[10] *See Spacht v. Cahall*, No. N14C-07-198, 2016 WL 6298836, at *2 (Del. Super. Oct. 27, 2016) (LeGrow, J.) (citing *Schwartz v. Chase*, No. 4274-VCP, 2010 WL 2601608, at *4 (Del. Ch. June 29, 2010).

[11] *Schwartz*, 2010 WL 2601608, at *4 (alteration in original) (first quoting *Clark v. Ryan*, No. 628-K, 1992 WL 163443, at *5 (Del Ch. June 17, 1992); and then quoting *Rohm & Haas Elec. Materials, LLC v. Honeywell Int'l, Inc.*, No. 06-297-GMS, 2009 WL 1033651, at *4 (D. Del. Apr. 16, 2009)).

[12] *Sheets v. Quality Assured, Inc.*, No. N14C-03-010, 2014 WL 4941983, at *2 (Del. Super. Sept. 30, 2014) (citing *Carlson v. Hallinan*, 925 A.2d 506, 524 (Del. Ch. 2006)).

circumstances," not "subjective intent."[13] A settlement agreement may leave matters to future negotiation "if those matters are not 'essential' terms."[14]

In *Spacht v. Cahall,* the Superior Court found that an enforceable settlement agreement existed.[15] After an initially unsuccessful mediation, the parties eventually reached a settlement wherein the individual defendants would receive a full release in exchange for a $15,000 payment.[16] The attorney for those defendants agreed to the terms by email, stating in conclusion, "Formal paperwork will follow." The parties notified the Court that a settlement had been reached, the trial was cancelled, and the Court did not rule on a pending motion for summary judgment.[17]

When the draft agreement in *Spacht* was offered by the plaintiff, however, counsel for the defendants balked and indicated that the settlement amount would need to be paid annually for three years. The defendants' counsel indicated that there was no discussion of timing of payment in their negotiations. The plaintiff moved to enforce the settlement. The court granted the motion, finding that the exchange of emails constituted a meeting of the minds between the parties regarding the terms of their agreement, to which the defendants manifested assent both by counsel's email response and their representation to the Court that a settlement agreement had been

---

[13] *Id.* (first citing *Schwartz,* 2010 WL 2601608, at *4; and then citing *Loppert v. Windsortech, Inc.,* 865 A.2d 1282, 1285 (Del. Ch. 2004), *aff'd,* 867 A.2d 903 (Table), 2005 WL 277918 (Del. Jan. 31, 2005)).

[14] *Spacht,* 2016 WL 6298836, at *3 (citing *Loppert,* 865 A.2d at 1289).

[15] *Id.* at *4.

[16] *Id.* at *1.

[17] *Id.* at *2.

reached[18]. The court further held that the timing of payment was not a material term because, whatever the defendants' subjective intent, discussion of timing was absent from their negotiation before the formation of the agreement.[19]

Similarly here, Stone Creek and the Vincents agreed to a settlement, the material terms of which can be gleaned from the correspondence that both parties have provided with their motions and at oral argument. The timing of payment was left to future negotiation. The parties' agreement contained the material terms, namely: a full release in exchange for cash payment of $5,500. As was the case in *Spacht*, no particular timing-of-payment term was alleged to be part of the negotiation that led to the agreement, much less a material part. The Vincents told counsel for Stone Creek that they would not have accepted the original offer if they had known Stone Creek intended to make payments over time. But that does not establish that timing of payment was a material term. Rather, it merely describes the Vincents' subjective intent, which is irrelevant to the question of contract formation. A settlement agreement was validly formed by Stone Creek's offer letter and the Vincents' acceptance.

Stone Creek may have come to think better of its decision not to include a payment plan within its initial settlement offer. But as a result of its omission, no payment plan existed when the agreement was formed. For a payment plan to become part of the agreement, the parties would have needed to agree to a modification. No

---

[18] *Id.* at *3.

[19] *Id.* at *4.

evidence of a modification exists on this record. To the contrary, the attempt to include a payment plan in the agreement that counsel later drafted was roundly rejected by the Vincents.

While more evidence of the full course of the negotiations would have been helpful to the Court, the parties' submissions and their admissions thus far are sufficient to find the existence of the elements of the agreement by a preponderance of the evidence.

While not material to contract formation, specifying the time for payment is necessary to define the parties' obligations in light of this motion for enforcement of their agreement. Without an express term providing for the timing of payment, it falls to the Court to supply an appropriate term.

"When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court."[20] "[W]here there is in fact no agreement [to a particular term], the court should supply a term which comports with community standards of fairness and policy rather than analyze a hypothetical model of the bargaining process. "[21] "If no time for performance is fixed, the court will imply a reasonable time . . . ."[22]

---

[20] Restatement (Second) of Contracts § 204 (1981); *see also, e.g., FleetBoston Fin. Corp. v. Advanta Corp.*, No. 16912-NC, 2003 WL 240885, at *31 n.123 (Del. Ch. Jan. 22, 2003) (citing Restatement § 204); *Weston Invs., Inc. v. Domtar Indus., Inc.*, No. 99C-06-041, 2002 WL 3101141, at *6 (Del. Super. Sept. 4, 2002) (same).

[21] Restatement (Second) of Contracts § 204 cmt. d.

[22] *Martin v. Star Publ'g Co.*, 126 A.2d 238, 244 (Del. 1956).

Lacking any express timing-of-payment term, the agreement implied that payment to the Vincents was to be made, not in installments, but within a reasonable time. That time is swiftly passing.[23]

As to the part of Stone Creek's letter alleging that the parties reached a later agreement on November 17, that matter is not properly before the Court.

## CONCLUSION

The parties reached a binding settlement agreement which resolved the matter for a payment of $5,500 within a reasonable time. The Vincents' motion to enforce that agreement is **GRANTED**. Given its agreement to settle the matter, Stone Creek's motion for reargument is **DENIED** as **MOOT**.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[23] The Court notes that it makes little sense to continue a legal fight when the amount in question does not warrant it.